**Devon L. GOSNELL, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 95–3370.

United States Court of Appeals,
Federal Circuit.

Nov. 2, 1995.

Devon L. Gosnell, Germantown, Tennessee, submitted Pro Se.

S. Lane Tucker, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted, for respondent. With him on

---

the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Kirk T. Manhardt, Assistant Director.

Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.

PER CURIAM.

Devon L. Gosnell petitions for review of a final decision of the Merit Systems Protection Board, Docket No. SL0752940495–I–1, which dismissed her appeal for lack of jurisdiction. We affirm.

## Background

Gosnell was appointed an assistant United States attorney in the Western District of Tennessee in 1975. In 1987, the United States Attorney in that district selected her to be Criminal Division Chief, a supervisory assistant U.S. attorney position with increased responsibility and pay.

Before 1991, supervisory assistant U.S. attorneys were covered by the same pay scale applicable to assistant U.S. attorneys generally, but were given a 6% pay increase. However, the pay increase was subject to the assistant U.S. attorney salary cap and could not take a supervisor's pay beyond the maximum she might receive under the assistant U.S. attorney pay scale. On January 13, 1991, the agency instituted a new supervisory pay scale, which increased an assistant U.S. attorney's basic pay to one of three maximum rates depending on the responsibilities assumed by the attorney upon assignment as a supervisor. In implementing the new pay system, the agency increased Gosnell's annual pay from $81,400 to $87,000. At the same time, the agency notified her of the temporary nature of her position by a Notification of Personnel Action stating that supervisory assignments would not exceed four years. The notification also advised that "assignment to a supervisory ... position is temporary and ... any rights to a higher supervisory ... salary accrue only so long as he/she is an incumbent of such a position." Gosnell signed a form acknowledging her pay increase and the notice.

On August 7, 1994, the U.S. Attorney for the Western District of Tennessee returned Gosnell to a nonsupervisory assistant U.S. attorney position. Her pay was concurrently adjusted to conform to the nonsupervisory pay scale, which was the maximum pay allowed for assistant U.S. attorneys due to her length of service.

Gosnell appealed to the board claiming that her reassignment was a reduction in grade and pay appealable as an adverse action under 5 U.S.C. § 7512 (1994).[1] The agency moved to dismiss the appeal for lack of jurisdiction arguing that a supervisory assistant U.S. attorney position was only a temporary assignment of duties, not a permanent promotion in grade and pay, the later reduction of which would satisfy the requirements of section 7512. The board granted the agency's motion, holding that Gosnell's termination from a temporary supervisory position and reassignment to nonsupervisory duties was not an appealable adverse action within the board's jurisdiction. The decision became final when the full board denied Gosnell's petition for review. 66 M.S.P.R. 524 (1995) (table). Gosnell seeks review.

## Discussion

The Attorney General "may appoint one or more assistant United States attorneys in any district" and each of these assistant U.S. attorneys is "subject to removal by the Attorney General." 28 U.S.C. § 542 (1994). The United States Attorneys' Manual, which is promulgated by the Executive Office for U.S. Attorneys pursuant to 28 C.F.R. § 0.22(b), sets out the delegated authority and rules for operation of U.S. Attorneys' offices. Though not law or regulation, the manual interprets the statutory authority of the Attorney General under 28 U.S.C. § 542. It was under the policy and interpretation of authority contained in this manual that the

---

1. 5 U.S.C. § 7512 (1994) provides in part:
   This subchapter applies to—
   (1) a removal;
   (2) a suspension for more than 14 days;
   (3) a reduction in grade;
   (4) a reduction in pay; and
   (5) a furlough of 30 days or less....

agency officials who initially assigned Gosnell to the supervisory position acted.

The edition of the U.S. Attorneys' Manual in effect when Gosnell was assigned supervisory duties gave notice that supervisory assistant U.S. attorneys could be reassigned to nonsupervisory positions within the same or another office and that the supervisory pay raise would be eliminated upon reassignment. United States Attorneys' Manual 100 (Aug. 16, 1985 ed.). Likewise, the 1988 edition of the Manual stated that "New Presidentially-appointed U.S. Attorneys are permitted to choose their own ... supervisory Assistant U.S. Attorneys" and that "[p]ersons holding such positions will normally be moved to another position within the office." United States Attorneys' Manual 99 (Oct. 1, 1988 ed.) ("1988 U.S. Attorneys' Manual"). The manual clearly differentiates between supervisory positions, which are subject to assignment and reassignment with concomitant temporary increases and decreases in pay, from assistant U.S. attorney positions. Assistant U.S. attorneys enjoyed the right to appeal adverse removal actions within the agency. *Id.*

■ When Gosnell was assigned supervisory duties and responsibilities in 1987, it was pursuant to the delegated power of incumbent U.S. Attorneys to appoint supervisory staffs of their own choosing. This was not a permanent appointment or a change in "grade" as that term is used in 5 U.S.C. § 7512, but was a temporary assignment to specific tasks or responsibilities within the same rank, level, or grade in which the employee was previously serving. Although Gosnell received a corresponding increase in salary commensurate with her increased responsibilities, that by itself does not mean that the assignment was other than of a temporary nature. Supervisors were not then eligible to receive more than the maximum pay for their permanent positions as assistant U.S. attorneys regardless of their assigned duties.

In 1990, Congress enacted the Civil Service Due Process Amendments, Pub.L. No. 101–376, 104 Stat. 461 (1990), which gave specific excepted service employees[2] the right to appeal adverse personnel actions.[3] Determining precisely the rights provided to assistant U.S. attorneys by the Due Process Amendments, however, is problematic because of the language of 28 U.S.C. § 542 which gives the Attorney General broad discretion in appointing and removing assistant U.S. attorneys.

Before Congress enacted the Due Process Amendments, the agency instituted removal actions against assistant U.S. attorneys only for good cause and the actions were taken pursuant to agency procedures. 1988 U.S. Attorneys' Manual 99. Since the Due Process Amendments became law, assistant U.S. attorneys have had the right to appeal removal actions, as well as other actions listed in 5 U.S.C. § 7512, to the Merit Systems Protection Board. Reassignment from a supervisory assistant U.S. attorney position was not an adverse action before the Due Process Amendments, and after the amendments were enacted, the agency continued its policy of appointing assistant U.S. attorneys to temporary supervisory positions by complying with then applicable Office of Personnel Management (OPM) regulations.

When Gosnell received a pay increase under the agency's new supervisory pay sched-

---

**2.** The Due Process Amendments expanded the definition of an "employee" entitled to the appeal rights provided by Chapter 75 of Title 5 of the U.S.Code to include:

> an individual in the excepted service (other than a preference eligible)—
> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C) (1994).

**3.** The agency has not chosen to contest whether assistant U.S. attorneys meeting the criteria of 5 U.S.C. § 7511(a)(1)(C) may appeal adverse actions enumerated under 5 U.S.C. § 7512. It merely disputes Gosnell's claim that her reassignment to non-supervisory duties is an appealable action. Thus, like the board, we are not required to decide whether any conflict as may exist between 28 U.S.C. § 542 and 5 U.S.C. § 7511(a)(1)(C) deprives the board of jurisdiction over matters involving assistant U.S. attorneys generally.

ule, the accompanying documentation said her supervisory position was temporary and that she was entitled to the higher pay only while she had the assignment. This statement complied with the OPM regulation for temporary promotions and pay increases, 5 C.F.R. § 752.401(b)(12), which requires an agency to notify an employee that an increase in pay or grade is only temporary. Gosnell also signed a statement acknowledging the temporary nature of the supervisory position.

Gosnell's present assertion that this 1991 pay increase was a sham transaction by which the agency attempted to avoid the Due Process Amendments proceeds from the assumption that her assignment to a supervisory position was a permanent appointment. From this she argues that the 1991 pay transaction could not convert the permanent position into a temporary one because it would violate the policy behind the Due Process Amendments.

This is incorrect. As explained, supervisory positions were not permanent prior to passage of the Due Process Amendments. Neither the Executive Office for U.S. Attorneys nor the district U.S. Attorneys could make the positions permanent absent a change in agency policy. As shown by the earlier agency manuals, each supervisor was subject to removal by a newly appointed U.S. Attorney. The procedures which the agency subsequently developed to conform its practices to the Due Process Amendments were entirely legal and tracked OPM regulations. The 1991 pay transaction merely conformed this agency practice of appointing temporary supervisors to the OPM regulation for temporary appointments to which the agency considered itself subject.

■  We may not intervene in management decisions absent some clear congressional directive to do so. Nor may we interpret the Due Process Amendments as creating a permanent position, along with rights of appeal, when the agency clearly intended a temporary assignment of duties and responsibilities pursuant to the Attorney General's power under 28 U.S.C. § 542. *Cf. Thomas v. United States*, 709 F.2d 48 (Fed.Cir.1983) (reassignment from position of Supervisory Con-

tract Specialist to position of Contract Specialist was not within the board's jurisdiction). Gosnell did not allege an appealable adverse action and the board did not have jurisdiction to hear her appeal.

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

***AFFIRMED.***