NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3225

ARTHUR A. SCHAREIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:   October 13, 2006

_____

Before GAJARSA, LINN, and PROST <u>Circuit Judges</u>.

PER CURIAM.

The petitioner, Arthur A. Scharein, seeks review of a final decision of the Merit Systems Protection Board (MSPB or Board) that dismissed, for lack of jurisdiction, his appeal regarding his removal from supervisory duties, his disenrollment from the Defense Leadership and Management Program (DLAMP), his 2003-2004 performance appraisal at the Missile Defense Agency (MDA), and the MDA's denial of a contribution rate increase (CRI).  <u>Scharein v. Dep't of Def.</u>, No. AT-0839-05-0650-I-1 (M.S.P.B.

Aug. 31, 2005) ("Initial Decision"). The Initial Decision became final when the Board declined to review it. Scharein v. Dep't of Def., No. AT-0839-05-0650-I-1 (M.S.P.B Feb. 22, 2006). We have considered Mr. Scharein's claims and find them without merit. We therefore affirm the judgment of the Board.

BACKGROUND

The petitioner, Arthur A. Scharein, is a full-time employee of the Missile Defense Agency (MDA). The MDA is a sub-agency of the Department of Defense (DoD). During the time relevant to this appeal, Mr. Scharein's position was part of an experimental personnel system called the Acquisition Demonstration Project (AcqDemo). In 1998, Mr. Scharein was selected by the MDA to enter the Defense Leadership and Management Program (DLAMP), a training program established by the DoD. As part of the program, Mr. Scharein attended the Air War College (AWC) for one year. While attending the AWC, Mr. Scharein received an unfavorable academic rating. As a result of the unfavorable academic rating, the Executive Director of the MDA disenrolled Mr. Scharein from DLAMP and returned him to a different position at the MDA.

When Mr. Scharein returned to the MDA he received a performance appraisal. Mr. Scharein's contribution to the MDA was evaluated according to a new Contribution-Based Compensation and Appraisal System (CCAS). Mr. Scharein's final Overall Contribution Score (OCS) was less than expected. As a result of the low score, Mr. Scharein's request to be reinstated into DLAMP was denied and he did not receive a Contribution Rate Increase (CRI), however, his pay remained at the same level as the previous year. Mr. Scharein grieved his performance rating according to the MDA's CCAS Grievance Procedures, but the MDA denied his grievance.

Mr. Scharein appealed the MDA's decision to the MSPB. Specifically, Mr. Scharein appealed his CCAS appraisal and the MDA's failure to restore him to his previous supervisory position. On August 31, 2005, in the Initial Decision, the Board dismissed Mr. Scharein's appeal for lack of jurisdiction. After the Board denied Mr. Scharein's petition for review, he appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the MSPB has jurisdiction to hear a claim is a question of law that this court reviews de novo. Vesser v. Office of Personal Mgmt., 29 F.3d 600, 602 (Fed. Cir. 1994). Mr. Scharein has the burden of proof, by a preponderance of the evidence, with respect to the issue of jurisdiction. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1338 (Fed. Cir. 2006) (en banc). "The jurisdiction of the Board is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority exercised by the OPM." Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985).

On appeal to this court, Mr. Scharein contends (1) that the MDA took adverse action against him by issuing an unfavorable appraisal; (2) that his position at DLAMP was a permanent position and his reassignment constituted an adverse action; and, (3) that MDA's personnel system does not provide for independent review of an agency decision and thus, does not meet requirements set by Congress. None of these contentions establish jurisdiction.

Mr. Scharein's unfavorable appraisal and resulting denial of a CRI do not constitute adverse actions and do not establish jurisdiction. The Board has jurisdiction

of only those actions made appealable by statute or regulation. 5 U.S.C. §§ 7512, 7513, 7701(a) (2006). Several appealable actions in § 7512 include:

(1) a removal;

(2) a suspension for more than 14 days;

(3) a reduction in grade;

(4) a reduction in pay; and

(5) a furlough of 30 days or less.

An unfavorable appraisal, or performance rating, is not listed as an appealable action and thus, is not appealable to the Board. See Werry v. Merit Sys. Prot. Bd., 995 F.2d 1048, 1050 (Fed. Cir. 1993) (citing 5 U.S.C. §§ 7512, 7513, 7701(a)).

Mr. Scharein argues that the MDA's denial of CRI is an appealable action; however, in the AcqDemo project a denial of a CRI is not an appealable action. Under 5 U.S.C. § 5335(c), an employee under the General Schedule (GS) system can appeal a denial of a within-grade step increase to the Board. Mr. Scharein argues the CRI of the AcqDemo project is equivalent to the within-grade step increase of the GS system and, as a result, the denial of a CRI is appealable to the Board. His argument fails for two reasons.

First, within-grade increases are available only to employees "occupying a permanent position within the scope of the General Schedule." 5 U.S.C. § 5335(c). Since, Mr. Scharein is not paid under the General Schedule, but rather under a system called "Core Compensation," he, therefore, is not eligible for within-grade increases.

Second, Mr. Scharein's position was part of the AcqDemo project, which waives employees' appeal rights for denials of pay increases. The Civil Service Reform Act,

5 U.S.C. § 4703 (2006), authorizes the Office of Personal Management (OPM) to waive certain statutory and regulatory requirements in order "to conduct demonstration projects that experiment with new and different personnel management concepts[.]" Civilian Acquisition Workforce Personnel Demonstration Project, 64 Fed. Reg. 1426, 1426 (Jan. 8. 1999). As part of the AcqDemo Project, the OPM waived 5 U.S.C. §§ 5331-5336, which contain the GS employee's right to appeal a denial of a within-grade step increase. Id. at 1491. Even if a denial of a CRI is equivalent to a denial of a within-grade increase, Mr. Scharein has no right to appeal a denial to the Board because that right was waived by the OPM for the AcqDemo project.

Next, Mr. Scharein argues that his reassignment from a supervisory position at DLAMP to a non-supervisory position at the MDA constituted an adverse action. "[T]he board does not have appellate jurisdiction over reassignments not constituting a reduction in grade or pay, even though the reassignment reduces the employee's status, duties, or responsibilities." E.g. Artmann v. Dep't of the Interior, 926 F.2d 1120, 1122 (Fed. Cir. 1991). Since Mr. Scharein does not allege a reduction in grade or pay, the Board does not have jurisdiction over his reassignment.

Additionally, Mr. Scharein's disenrollment from DLAMP does not constitute a removal because his position, although supervisory, was temporary. Mr. Scharein states that his appointment to DLAMP "was a permanent appointment until completion at graduation." In so doing, Mr. Scharein admits that his appointment terminated upon graduation and therefore, was not a permanent position. See e.g. Gosnell v. Deparment of Justice, 69 F.3d 1138, 1140 (Fed. Cir. 1995) (termination of a temporary position is not appealable to the Board as an adverse action). Since Mr. Scharein has

not provided any further reasons as to why his position at DLAMP was permanent, he has not met his burden of proof.

Finally, Mr. Scharein argues that the AcqDemo project does not provide for independent review of labor disputes and thus, does not meet requirements set by Congress under 5 U.S.C. § 9902 (2006). Mr. Scharein cites <u>National Treasury Employees Union v. Chertoff</u>, 385 F. Supp.2d 1 (D. D.C. 2005), <u>aff'd in part</u>, <u>rev'd in part</u>, and <u>remanded</u>, 452 F.3d 839 (D.C. Cir. 2006) and <u>American Federation of Government Employees v. Rumsfeld</u>, 422 F. Supp.2d 16 (D. D.C. 2006), in which various provisions of the new personnel systems implemented by the Department of Homeland Security (DHS) and DoD were invalidated because they did not comply with the requirements imposed by Congress in 5 U.S.C. §§ 9701, 9902. In <u>Chertoff</u>, the Court of Appeals for the D.C. Circuit affirmed the District Court because DHS provisions defied the plain language of § 9701(b)(4), which ensures collective bargaining. <u>Chertoff</u>, 452 F.3d at 864-65.

We do not need to address the merits of this argument because Mr. Scharein has neither demonstrated an adverse action by the MDA nor pointed to any statute or regulation that establishes Board jurisdiction to review the question of whether the AcqDemo project lacks independent review of labor disputes.

CONCLUSION

For the foregoing reasons, the Board properly dismissed Mr. Scharein's appeal for lack of jurisdiction. We affirm the decision of the Board.

No costs.