**Stan LABER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 92–3481.

United States Court of Appeals, Federal Circuit.

Dec. 31, 1992.

---

Stan Laber, pro se.

Rita S. Arendal, Merit Systems Protection Bd., Washington, DC, submitted for respondent. With her on the brief were Mary L. Jennings, and Martha B. Schneider, Washington, DC.

Before NIES, Chief Judge, RICH and MAYER, Circuit Judges.

ORDER

NIES, Chief Judge.

Stan Laber moves to dismiss his petition for review on the ground that the parties have settled. Laber further requests that we dismiss without prejudice to reinstatement in the event the government violates the settlement agreement.

When parties settle while a case is on appeal, the proper course is not to dismiss. It is to vacate the trial tribunal's decision and to remand to the trial tribunal with instructions to dismiss. *Smith Int'l, Inc. v. Hughes Tool Co.*, 839 F.2d 663 (Fed.Cir. 1988); *Gibraltar Indus., Inc. v. United States*, 726 F.2d 747 (Fed.Cir.1984). Accordingly, the proper course here is vacate and remand. While the case is on remand to the Merit Systems Protection Board, the parties may ask the Board to incorporate the settlement agreement into the record, as could have been done if the parties had settled while at the Board, and thus have the Board retain jurisdiction over enforcement of the agreement.

Accordingly,

IT IS ORDERED THAT:

(1) Laber's motion to dismiss is denied.

(2) The Board's decision is vacated, and the case is remanded to the Board with instructions to dismiss the appeal and to take any other appropriate action.