**John G. VAN WERRY, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 92–3560.

United States Court of Appeals, Federal Circuit.

June 4, 1993.

Frank G. Aschmann, Aschmann & Aschmann, Alexandria, VA, argued for petitioner. With him on the brief was Charles G. Aschmann, Jr.

Michael K. Martin, Atty., Merit Systems Protection Board, Washington, DC, argued for respondent. With him on the brief were Llewellyn M. Fischer, Gen. Counsel and Martha B. Schneider, Asst. Gen. Counsel. Of counsel were David M. Cohen and Terrence S. Hartman, Dept. of Justice, Washington, DC.

Before NIES, Chief Judge, RICH, Circuit Judge, and SKELTON, Senior Circuit Judge.

SKELTON, Senior Circuit Judge.

Petitioner John G. Van Werry, Jr., petitions for review of the decision of the Merit Systems Protection Board (MSPB or board) in Docket No. DC1221920200–W–1, dated March 5, 1992, dismissing for lack of jurisdiction his appeal of his performance rating of the Defense Intelligence Agency (DIA). Petitioner alleged that he was given a low rating by the DIA in retaliation for a whistleblowing complaint that he had made against another employee. We affirm.

## DISCUSSION

Petitioner is a Senior Intelligence Technician in the DIA. He has worked for the federal government for over 29 years, and has received many military decorations and outstanding government ratings and promotions for his services.

On October 23, 1989, petitioner reported that a co-worker, a Major Rhea, had committed a security violation. Thereafter, Major Rhea became openly hostile toward petitioner, and on January 1, 1990, he filed a performance appraisal of petitioner's services that resulted in petitioner's performance being rated by the DIA at a level lower than that of any other Intelligence Technician with whom petitioner worked. This appraisal was the lowest that petitioner had ever received during his entire federal service career.

Being dissatisfied with the performance rating, petitioner filed a complaint with the Office of Special Counsel (OSC) under the provisions of 5 U.S.C. § 1213 alleging that the action was in retaliation for his whistleblowing report of the security violation of his co-worker. He alleged further that the DIA action violated the whistleblowing provisions of section 1213. The OSC notified petitioner that it was not going to take any action regarding petitioner's complaint. Thereafter, the petitioner filed an appeal to the MSPB under the provisions of 5 U.S.C. §§ 1214 and 1221 seeking a reversal of the decision of the DIA that lowered his performance rating.

The board assigned the case to an Administrative Judge (AJ) who ruled that the board

did not have jurisdiction of petitioner's appeal because a performance rating is not appealable to the board under any law, rule or regulation. He ruled further that the board lacked jurisdiction because the petitioner was not an employee in a "covered position" in a "covered" agency, as required by 5 U.S.C. § 2302 for an appeal of a prohibited personnel practice under the whistleblowing provisions of sections 1213, 1214 and 1221. The petitioner petitioned the full board for review, which was denied making the decision of the AJ the board's final decision. The appeal of petitioner to this court followed.

■ The board has jurisdiction of only those actions made appealable by statute or regulation. 5 U.S.C. §§ 7512, 7513 and 7701(a); 5 C.F.R. §§ 1201.2 and 1201.3; and *Cowan v. United States,* 710 F.2d 803 (Fed. Cir.1983). An employee seeking review by the board of a personnel action by an agency has the burden of showing that the board has jurisdiction of the appeal. 5 C.F.R. § 1201.-56(a)(2)(i) and *Stern v. Dep't. of the Army,* 699 F.2d 1312 (Fed.Cir.), *cert. denied,* 462 U.S. 1122, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983). For reasons below, the petitioner has not met this burden in the instant case.

A performance rating, without more, is not appealable to the board, as it is not listed as an appealable action in sections 7512, 7513 or 7701(a) or the above regulations. The petitioner admits in his brief that it is not within the appellate jurisdiction of the board. However, he contends that the board has jurisdiction of his performance rating appeal under the provisions of sections 1213, 1214, 1221 and 2302 that relate to whistleblowing appeals to the board. We now consider these sections.

■ Section 1213 deals with a disclosure of information by an employee to the Office of Special Counsel (OSC) that he reasonably believes evidences a violation of a law, rule or regulation or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, and the Special Counsel's obligations and duties to investigate such alleged abuses. It makes no reference to personnel actions taken by an agency because of such disclosures. Nowhere does it provide that such an employee has a right to appeal to the board from a decision of the Special Counsel that he would take no action with respect to the disclosures, which is what happened here. Consequently, it is our view that section 1213 confers no right on petitioner to appeal to the board in this case.

■ Unlike section 1213, the provisions of section 1214 do authorize an appeal to the board under section 1221, subject to certain requirements. Relevant parts of section 1214 are as follows:

(a)(3) Except in a case in which an employee, former employee, or applicant for employment has the right to appeal directly to the Merit Systems Protection Board under any law, rule, or regulation, any such employee, former employee, or applicant shall seek corrective action from the Special Counsel before seeking corrective action from the Board. An employee, former employee, or applicant for employment may seek corrective action from the Board under section 1221, if such employee, former employee, or applicant seeks corrective action for a prohibited personnel practice described in section 2302(b)(8) from the Special Counsel and—

(A)(i) the Special Counsel notifies such employee, former employee, or applicant that an investigation concerning such employee, former employee, or applicant has been terminated; . . . .

Two of the requirements of the statute have been complied with by the petitioner, namely, (1) Petitioner did seek prior corrective action from the Special Counsel, and, (2) The Special Counsel notified petitioner that his investigation of petitioner's request for corrective action had been terminated. However, before petitioner can seek corrective action from the board, he must also show that he meets the requirements of section 2302.

Relevant portions of section 2302, as applied to this case, that specify the requirements that an employee must meet before he can seek corrective action of a prohibited personnel practice from the board under section 1221, are as follows:

§ 2302. Prohibited Personnel Practices.

(a)(1) For the purpose of this title "prohibited personnel practice" means any action described in subsection (b) of this section.

(2) For the purpose of this section—

(A) "Personnel action" means—....

(viii) A performance evaluation under chapter 43 of this title; ...; with respect to an employee in, or applicant for a *covered* position in an agency;

(B) "covered position" means any position in the competitive service, a career appointee position in the Senior Executive Service, or a position in the excepted service, but does not include—....

(C) "agency" means an Executive agency and the Government Printing Office, *but does not include—*

(i) a Government corporation;

(ii) the Federal Bureau of Investigation, the Central Intelligence Agency, *the Defense Intelligence Agency,* the National Security Agency, and, as determined by the President, any Executive agency or unit thereof the principal function of which is the conduct of foreign intelligence or counterintelligence activities; or

(iii) the General Accounting Office. (emphasis supplied).

A prohibited personnel practice is defined in section 2302(b)(8) as follows:

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—....

(8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of—

(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,

if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs;

. . . .

If petitioner can show that he meets the requirements of the foregoing provisions of section 2302, he has the right under section 1214(a)(3) to seek corrective action from the board in a proceeding known as an Individual Right of Action (IRA) as set forth in section 1221 as follows:

§ 1221. Individual right of action in certain reprisal cases

(a) Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board.

An appeal under this section is usually referred to as an IRA appeal.

Petitioner says that his appeal to the board in this case is such an "IRA appeal". However, as stated in the above provisions of section 2302, the board does not have jurisdiction of his appeal unless it is shown that:

1. The performance evaluation that petitioner complains of is listed as a "personnel action" in section 2302(a)(2)(A).

2. Petitioner is an employee in a "covered position" in the competitive service as stated in section 2302(a)(2)(A) and (B).

3. Petitioner is an employee in a "covered agency" as stated in section 2302(a)(2)(A), (B) and (C).

4. Petitioner is complaining of a personnel action described in section 2302(b)(8).

Even if petitioner's appeal complies with the first and fourth requirements, it does not, and cannot, comply with the second and third requirements. This is so because he is an employee of the Defense Intelligence Agency

which is specifically excluded from coverage by section 2302(a)(2)(C), which provides:

    (C) "Agency" means an Executive agency ..., *but does not include—* ...;

    (ii) ... *the Defense Intelligence Agency* .... (emphasis supplied).

Our decision in *Booker v. Merit Systems Protection Bd.,* 982 F.2d 517 (Fed.Cir.1992) is especially applicable to the case before us. In that case we held that a postal worker was not in a covered agency under the provisions of section 2302, and for that reason could not seek corrective action by filing an IRA appeal with the board. There we said at 982 F.2d 519:

    Booker's further allegations that Postal Service employees committed prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(1)(D) and (b)(9) by discriminating against her because of her injuries and in reprisal for her complaints to the inspector general are also beyond the board's jurisdiction. As a Postal Service employee, Booker could not seek corrective action from the board under 5 U.S.C. § 1221.

    Section 1221(a) allows an employee to bring an IRA seeking corrective action from the board with respect to any "personnel action" that results from a "prohibited personnel practice" taken in retaliation for whistleblowing. According to section 2302, a "personnel action" may be considered a "prohibited personnel practice" only if it occurs within an "agency" as that word is defined. The definition of "agency" in section 2302(a)(2)(C) does not include the United States Postal Service, which is specifically excluded from the generally applicable definition of "executive agency" in 5 U.S.C. § 105 (1988), by virtue of its exclusion from the definition of "independent establishment" in 5 U.S.C. § 104 (1988).

We hold that since petitioner's agency was not a covered agency, petitioner was not an employee in a covered position in the competitive service in a covered agency as required by the statute, and had no right to seek corrective action from the board under section 1221(a), and the board did not have jurisdiction of his appeal. Accordingly, the decision of the board is affirmed.

*AFFIRMED.*