Richard A. SCHALL, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent,

and

Merit Systems Protection
Board, Intervenor.

No. 94–3644.

United States Court of Appeals,
Federal Circuit.

Jan. 3, 1996.

Richard A. Schall, of Gaithersburg, Maryland, submitted Pro Se.

Thomas P. McLish, Department of Justice, of Washington, D.C., submitted for respondent. Frank W. Hunger, Assistant Attorney

General and David M. Cohen, Director, Department of Justice, of Washington, D.C., were on the brief for respondent.

Mary L. Jennings, Acting General Counsel, David C. Kane, Assistant General Counsel and Calvin M. Morrow, Attorney, of Washington, D.C., were on the brief for the intervenor, Merit Systems Protection Board.

Before MAYER, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
BRYSON, Circuit Judge.

PER CURIAM.

Richard A. Schall petitions for review of a final decision of the Merit Systems Protection Board which dismissed his appeal for lack of jurisdiction. *Bergon v. United States Postal Serv.*, 64 M.S.P.R. 228 (1994). We affirm.

### Background

Schall was employed by the United States Postal Service as a Master Instructor, EAS–25, until he was reassigned to the position of Operations Quality Improvement Specialist, EAS–21, during an agency-wide reorganization in 1992 and 1993. On August 24, 1993, Schall appealed to the board alleging that he was demoted under duress, that the agency violated reduction-in-force (RIF) regulations, and that the agency improperly denied him a promotion. In her acknowledgement order, the administrative judge told Schall that only postal employees eligible for a veteran's preference could appeal RIF actions, and ordered him to file evidence and argument to establish that he was preference eligible. Schall presented no evidence on the issue, and after considering the agency record the administrative judge ruled that he was not a preference eligible employee. *Schall v. United States Postal Serv.*, No. 0351–93–0694–I–1, slip op. at 2 (Oct. 5, 1993) (initial decision). She held that the board had no jurisdiction over an appeal of a RIF action by a nonpreference eligible postal employee or over an appeal of denial of a promotion. *Id.*

She dismissed the appeal because it did not raise nonfrivolous issues of fact which could establish the board's jurisdiction. *Id.*

Schall petitioned for review of the finding that he was not a preference eligible employee and the holding that he was not entitled to appeal from the agency's RIF action. The board consolidated his petition with twenty-four similar ones from postal employees who were also affected by the 1992–1993 reorganization. In a final decision styled *Bergon v. United States Postal Service*, 64 M.S.P.R. 228, the board reaffirmed its earlier decision in *Marcoux v. United States Postal Service*, 63 M.S.P.R. 373 (1994), that an agency action taken pursuant to a RIF is necessarily excluded from the definition of adverse actions over which the board has jurisdiction. The board thus held that it "lacked jurisdiction over the appeal of a nonpreference eligible employee who was assigned to a different position as a result of the agency's RIF." 64 M.S.P.R. at 231. Because none of the twenty-five *Bergon* appellants was a preference eligible employee[1] and the agency action which affected each of them was taken pursuant to the RIF, the board dismissed the petitions for lack of jurisdiction. *Id.* at 232. Schall appeals.

### Discussion

#### I.

Before addressing the merits, we dispose of the board's intervention to recaption this case. The board argues that it, not the agency, is the proper respondent because *Bergon* addressed only the board's jurisdiction. The Postal Service counters that it is properly the respondent because the board addressed an issue on the merits in reaching the determination that no jurisdiction existed over Schall's claims. We agree with the agency.

■ The "caption issue"—whether the board or an agency is the proper respondent to a petition for judicial review of a board decision—has been the subject of considera-

---

1. The board stated that Schall made only a bald allegation that he was a preference eligible employee and had thus failed to make a nonfrivolous allegation entitling him to further proceed-
ings on that issue. 64 M.S.P.R. at 231 n. 5. He now admits that he is not entitled to preference eligible status.

ble debate, but is now resolved. *See Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679, 682–84 (Fed.Cir.1992); *Amin v. Merit Sys. Protection Bd.,* 951 F.2d 1247, 1249–51 (Fed. Cir.1991). Ensuring that the correct party is the respondent to a petition for review is not just a procedural technicality. Having the proper respondent, and thus the proper caption, "determines which agency and whose lawyers—and therefore whose policy and practices—are represented in the appeal." *Spruill,* 978 F.2d at 683. It is now beyond question that "[i]f the issue on appeal is solely one of the procedure or jurisdiction of the MSPB, then the proper respondent is the MSPB. If the issue is solely the merits of the underlying agency action, the agency is the proper respondent. If the case raises a mixture of these issues, i.e., if the merits of the agency action are reached by the MSPB, and at the same time a matter of important MSPB procedure or jurisdiction is involved, *Amin* teaches that the employing agency is the proper respondent." *Id.* at 686. This statement of the law is not seriously disputed, but the parties argue over its application when an appeal involves facts common to both a jurisdictional determination and the merits. *Cf. id.* at 688.

The board maintains that "[i]n *Bergon,* the Board's jurisdictional dismissal was based solely on its finding that the appellants were affected by reduction-in-force actions but that they were not the type of employee (preference eligible) who had a right to appeal RIF actions to the Board." The board further claims to have nowhere addressed an issue that goes to the merits of a RIF action such as "whether the Postal Service properly established competitive areas or levels or correctly determined the petitioners' RIF retention rights." Therefore it says it acted merely to enforce its limited jurisdiction over only those actions which are specified by law, rule, or regulation, and is the proper respondent to Schall's petition.

■ The board's argument overlooks that it addressed the most fundamental merits issue: Whether the agency actions against the individual appellants were taken pursuant to a RIF. Although prior to *Bergon,* the

board for all intents and purposes had determined that the agency had conducted a RIF in 1992 and 1993, *see, e.g., Robinson v. United States Postal Service,* 63 M.S.P.R. 307 (1994); *Brown v. United States Postal Service,* 58 M.S.P.R. 345 (1993), it had not addressed whether the specific actions against Schall and the others were taken pursuant to that RIF. That is important because if the agency actions were actually adverse actions directed at the individual appellants, rather than RIF actions, then some of them may have been able to appeal even though they were not preference eligible postal employees. *See* 39 U.S.C. § 1005(a).[2] If the board correctly determined that the *Bergon* appellants were affected by agency RIF actions and that none of them were preference eligible postal employees, it follows that it did not have jurisdiction to hear their appeals. When, as here, the board makes a finding on a merits issue en route to an ultimate determination that it is without jurisdiction to hear an appeal, it is the agency whose conduct is at issue and the agency *always* must be allowed to defend its actions as the respondent to a petition for review in this court. In *Bergon,* the board addressed a merits issue when it determined that the appellants were affected by a RIF action. Therefore we proceed with the Postal Service as respondent.

## II.

■ Having abandoned his claim to preference eligibility, Schall now argues that career postal employees should be allowed to appeal the agency's RIF actions regardless of their status as nonpreference eligible employees. But that is an argument best addressed to Congress.

The Postal Service is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and its employees are generally not entitled to civil service protection, 5 U.S.C. § 2105(e). Therefore, Schall must point to some law, rule, or regulation that gives him a right to appeal the agency's action or the board has no jurisdiction. *See* 5 U.S.C.

**2.** All citations are to the 1988 edition of the U.S.Code.

§ 7701(a); *Van Werry v. Merit Sys. Protection Bd.*, 995 F.2d 1048, 1050 (Fed.Cir.1993).

Specific categories of postal employees do have limited rights under Title 5. The Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111, gave preference eligible postal employees the right to appeal adverse actions as provided by Title 5, Subchapter II of Chapter 75.[3] Nine years later, Congress also amended 39 U.S.C. § 1005(a), and gave nonpreference eligible supervisory and managerial employees a limited right to appeal adverse actions. Postal Employee Appeal Rights Act of 1987, Pub.L. No. 100–90, § 1(a), 101 Stat. 673.[4] Even if Schall fits under this statute, however, he still has no right to appeal because a RIF action is not an adverse action initiated against a particular employee due to his conduct or performance, but an action directed at the employee's position. "A RIF is an administrative procedure by which agencies eliminate jobs and account for employees who occupied abolished positions." *Huber v. Merit Sys. Protection Bd.*, 793 F.2d 284, 286 (Fed.Cir. 1986). Congress having explicitly excluded RIFs from those adverse actions covered by Subchapter II of Chapter 75, Schall cannot appeal the agency's RIF action as if it were an adverse action. 5 U.S.C. § 7512(B); *see also* 5 C.F.R. § 752.401(b)(3).

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*

---

**3.** 5 U.S.C. § 7511(a)(1)(B) provides that an "employee" who is entitled to appeal the adverse actions covered by Subchapter II of Chapter 75, *see* 5 U.S.C. § 7512, includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions— ... (ii) in the United States Postal Service or the Postal Rate Commission." *See generally* 5 U.S.C. §§ 7511–14 (Subchapter II of Chapter 75).

**4.** 39 U.S.C. § 1005(a)(4)(A)(ii) extends the rights of Subchapter II of Chapter 75 of Title 5 "to any other individual who—(I) is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and (II) has completed 1 year of current continuous service in the same or similar positions."