74 F.3d 1261
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Waford PAYE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3718.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1996.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Waford Paye petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. AT-3443-95-0689-I-1.[1] In its decision, the Board dismissed Paye's appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Paye works for the General Services Administration ("GSA" or "the agency") as a Program Operations Assistant. On August 31, 1990, Paye's supervisor, who was working at the GS-11 grade level, retired. At least some--Paye alleges all--of the supervisor's duties were assigned to Paye. The agency did not fill the supervisor's position. Nor did the agency, at that time, increase Paye's government service grade. Three years later, in August 1993, however, Paye was promoted from the GS-7 grade level to the GS-9 grade level. In August 1994, the agency conducted a classification audit of Paye's position and found that the duties of the position supported only a GS-9 grade level.
 
 
 3
 On March 31, 1995, Paye appealed three actions of the agency to the Board: (1) the agency's failure to promote him to the grade level of his former supervisor; (2) the agency's decision that his position would not support a grade level higher than GS-9; and (3) an April 1994 performance rating which graded Paye's performance at an interim rating of 171.49. Paye alleged that these actions were taken in retaliation for whistle-blowing activities in which Paye allegedly engaged in 1987. As noted above, the Board dismissed Paye's appeal for lack of jurisdiction.
 
 
 4
 Paye appeals the Board's dismissal to this court. In order to prevail on appeal, Paye must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 A petitioner seeking review of agency action by the Board bears the burden of establishing that the Board has jurisdiction to hear the appeal. Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987). The Board has only that jurisdiction which is conferred upon it by Congress, King v. Reid, 59 F.3d 1215, 1217 (Fed.Cir.1995), and that jurisdiction is limited, Dowd v. United States, 713 F.2d 720, 722 (Fed.Cir.1983). The jurisdiction given to the Board is spelled out in 5 U.S.C. Sec. 7701 (1994). That statute provides that "[a]n employee, or applicant for employment, may submit an appeal to the [Board] from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. Sec. 7701(a); see also 5 C.F.R. Sec. 1201.3 (1995) (describing appellate jurisdiction of the Board).
 
 
 6
 The actions that Paye appeals to the Board are not actions which are appealable to the Board "under any law, rule, or regulation." No law, rule, or regulation provides the Board with direct appellate jurisdiction over an agency's decision not to promote an employee, Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031, 1034 (Fed.Cir.1993), an agency's classification determination, Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985), or an agency's performance appraisal of an employee, Van Werry v. Merit Sys. Protection Bd., 995 F.2d 1048, 1050 (Fed.Cir.1993).
 
 
 7
 Paye argues the Board has jurisdiction over these actions under 5 U.S.C. Secs. 1214, 1221 (1994) because these actions are allegedly the result of his whistle-blowing activities. In order for the Board to have jurisdiction over actions that are not directly appealable to it but that an employee alleges are in retaliation for whistle-blowing activities, however, the employee must first seek corrective action from the Office of Special Counsel ("OSC"). 5 U.S.C. Secs. 1214(a)(3), 1221(b); Knollenberg v. Merit Sys. Protection Bd., 953 F.2d 623, 625-26 (Fed.Cir.1992). Paye has not done that.
 
 
 8
 Finally, Paye argues that the Board erred in not holding a hearing before dismissing his case for lack of jurisdiction. The contention is without merit. An appellant is entitled to a hearing on jurisdiction only if the appellant raises nonfrivolous allegations of controverted jurisdictional facts that, if proven, would clearly establish the Board's jurisdiction. Waldau v. Merit Sys. Protection Bd., 19 F.3d 1395, 1402 (Fed.Cir.1994). Paye has not made such allegations.
 
 
 
 [1]
 The April 28, 1995, initial decision of the administrative judge became the final decision of the Board on June 28, 1995, when the Board denied Paye's petition for review