91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stuart D. GOSSOFF, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3818.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service moves for a summary affirmance of the Merit System Protection Board's decision dismissing Stuart D. Gossoff's appeal for lack of jurisdiction. Gossoff has not responded.
 
 
 2
 Gossoff filed an appeal at the Board challenging his reassignment from a Postal Service position as Director, City Operations to a lower-graded position as Manager, Processing. Gossoff, who was not a preference eligible employee, received saved pay status in the reassignment to the lower-graded position. However, Gossoff argued that he was constructively demoted because he was not eligible to receive certain salary increases which he might have received in his former position.
 
 
 3
 The Administrative Judge (AJ) determined that the reassignment was part of the 1992-93 postal restructuring. The AJ noted that the Board had previously held that the 1992-93 restructuring was a reduction in force (RIF). See Marcoux v. United States Postal Serv., 63 M.S.P.R. 373 (1994). In Marcoux, the Board held that it did not have jurisdiction over a nonpreference eligible postal employee's challenge to a RIF action. Relying on the Board's decision in Marcoux, the AJ dismissed Gossoff's appeal for lack of jurisdiction. Gossoff petitioned this court for review.
 
 
 4
 This court stayed Gossoff's petition for review pending our decision in Schall v. United States Postal Serv., no. 94-3644. Richard A. Schall was a nonpreference eligible postal employee who was reassigned to a lower-graded position during the 1992-93 postal reorganization. The Board dismissed Schall's appeal for lack of jurisdiction. Specifically, the Board held (1) that the Board did not have jurisdiction over a nonpreference eligible postal employee's challenge to an action by the Postal Service taken pursuant to a RIF, and (2) that the Postal Service's action taken pursuant to a RIF was not an adverse action otherwise appealable to the Board. Schall petitioned this court for review and we affirmed the Board's decision. Schall v. United States Postal Serv., 73 F.3d 341 (Fed.Cir.1996).
 
 
 5
 The Postal Service argues that the Board's decision in this case should be summarily affirmed based on our holding in Schall. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Schall is dispositive and that summary disposition is warranted. As in Schall, the Board dismissed Gossoff's appeal challenging the Postal Service's action taken pursuant to a RIF because Gossoff was a nonpreference eligible postal employee.
 
 
 6
 In his informal brief filed before the court decided Schall, Gossoff presents an argument that was not decided in Schall. He argues that the Postal Service's action against him was an adverse action, i.e., a constructive demotion, and was not taken pursuant to the 1992-93 restructuring. However, Gossoff has not presented any evidence to support this argument. The AJ noted that Gossoff's PS-50 notification of personnel action form states that Gossoff was given saved grade and frozen salary as a result of the postal reorganization and that Gossoff, in his notice of appeal, stated that his reassignment was part of the postal reorganization. Thus, Gossoff has not convinced us that the AJ's finding that the action was part of the reorganization was not supported by substantial evidence.
 
 
 7
 Gossoff also argues that he should be able to appeal the agency's RIF action as an adverse action. However, we rejected that specific argument in our recent decision. Schall, 73 F.3d at 344 ("Schall cannot appeal the agency's RIF action as if it were an adverse action"). Thus, upon consideration of this court's decision in Schall and the papers submitted in this case, the Board's decision dismissing Gossoff's appeal should be affirmed.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Postal Service's motion for summary affirmance is granted.
 
 
 10
 (2) Each side shall bear its own costs.