91 F.3d 168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Allen B. RESNICK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3561.
 United States Court of Appeals, Federal Circuit.
 May 31, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service moves for summary affirmance of the Merit Systems Protection Board's order dismissing Allen B. Resnick's appeal for lack of jurisdiction. Resnick has not responded.
 
 
 2
 This petition for review stems from the restructuring the Postal Service implemented in 1992 and 1993. The case was stayed pending the final disposition of Schall v. United States Postal Serv., 73 F.3d 341 (Fed.Cir.1996).
 
 
 3
 Resnick, a nonpreference eligible employee, was placed in a lower-graded position with indefinite saved pay and grade during the restructuring in 1993. Resnick appealed the demotion alleging initially that he was a preference eligible employee based on a short period of reserve training and that the Postal Service had conducted a reduction in force (RIF) action without either according him assignment rights as a preference eligible or advising him of his right to appeal. Subsequently, Resnick conceded that he was not a preference eligible employee, and he argued that his demotion was an adverse action, not a RIF.
 
 
 4
 The administrative judge (AJ) dismissed the appeal determining that the action taken against Resnick was a RIF action and that under 5 U.S.C. § 7512 a nonpreference eligible such as Resnick was not entitled to appeal a RIF action to the Board. The AJ noted that the Board had previously held that the restructuring in 1992 and 1993 was a RIF. See Marcoux v. United States Postal Serv., 63 M.S.P.R. 373 (1994). In Marcoux, the Board held that it did not have jurisdiction over a nonpreference eligible Postal Service employee's challenge to a RIF action. Relying on the Board's decision in Marcoux, the AJ dismissed Resnick's appeal for lack of jurisdiction. After the Board denied Resnick's petition for review, Resnick petitioned this court for review.
 
 
 5
 In Schall, the petitioner was a nonpreference eligible postal employee who was reassigned to a lower-graded position during the 1992-93 postal restructuring. The Board dismissed Schall's appeal for lack of jurisdiction. Specifically, the Board held (1) that the Board did not have jurisdiction over a nonpreference eligible postal employee's challenge to an action by the Postal Service taken pursuant to a RIF, and (2) that the Postal Service's action taken pursuant to a RIF was not an adverse action otherwise appealable to the Board. Schall petitioned this court for review and we affirmed the Board's decision. Schall v. United States Postal Serv., 73 F.3d 341 (Fed.Cir.1996).
 
 
 6
 We agree with the Postal Service that the Board's decision in this case should be summarily affirmed on the basis of our holding in Schall. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, it is clear that Schall is dispositive and that summary disposition is warranted. As in Schall, the AJ dismissed Resnick's appeal challenging the Postal Service's action taken pursuant to a RIF because Resnick was a nonpreference eligible employee.
 
 
 7
 Although Resnick has not responded to the Postal Service's motion, the court notes that Resnick filed an informal brief before the court decided Schall. In his brief, Resnick presents an argument that was not decided in Schall. He contends that the Postal Service's action against him was an adverse action, i.e., a reduction in rate, and was not taken pursuant to the restructuring. Resnick, however, has not presented any evidence to support this argument. Resnick does not contest that he was given saved grade and frozen salary as a result of the postal restructuring. Resnick has not convinced us that the AJ's finding that the action was part of the restructuring was not supported by substantial evidence.
 
 
 8
 Resnick also contends that he should be able to appeal the agency's RIF action as an adverse action. He argues that the action taken against him was an adverse action, not a RIF, and that the AJ thus improperly dismissed his appeal. We rejected that specific argument in our recent decision. Schall, 73 F.3d at 344 ("Schall cannot appeal the agency's RIF action as if it were an adverse action"). Thus, upon consideration of this court's decision in Schall and the papers submitted in this case, the Board's decision dismissing Resnick's appeal should be affirmed.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Postal Service's motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.