95 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert H. VUNDER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3010.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1996.
 
 Before ARCHER, Chief Judge, MICHEL and SCHALL, Circuit Judges.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The United States Postal Service moves for a summary affirmance of the Merit System Protection Board's decision dismissing Robert H. Vunder's appeal for lack of jurisdiction. Vunder opposes. The Postal Service moves to strike exhibits and certain arguments from Vunder's opposition. Vunder has not responded to the motion to strike.
 
 
 2
 Vunder, a Postal Service employee who was not preference eligible, filed an appeal at the Board challenging his reassignment from a PCES-1 level position to the position of Postmaster, EAS-22. Vunder argued at the Board that the reassignment was part of the 1992-93 postal restructuring. The AJ noted that the Board had previously held, in Marcoux v. United States Postal Serv., 63 M.S.P.R. 373 (1994), that it did not have jurisdiction over a nonpreference eligible postal employee's challenge to a RIF action. Relying on the Board's decision in Marcoux, the AJ dismissed Vunder's appeal for lack of jurisdiction. Vunder petitioned this court for review.
 
 
 3
 This court stayed Vunder's petition for review pending our decision in Schall v. United States Postal Serv., no. 94-3644. Richard A. Schall was a nonpreference eligible postal employee who was reassigned to a lower-graded position during the 1992-93 postal reorganization. The Board dismissed Schall's appeal for lack of jurisdiction. Specifically, the Board held (1) that the Board did not have jurisdiction over a nonpreference eligible postal employee's challenge to an action by the Postal Service taken pursuant to a RIF, and (2) that the Postal Service's action taken pursuant to a RIF was not an adverse action otherwise appealable to the Board. Schall petitioned this court for review and we affirmed the Board's decision. Schall v. United States Postal Serv., 73 F.3d 341 (Fed.Cir.1996).
 
 
 4
 The Postal Service argues that the Board's decision in this case should be summarily affirmed based on our holding in Schall. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Schall is dispositive and that summary disposition is warranted. As in Schall, the Board dismissed Vunder's appeal challenging the Postal Service's action taken pursuant to a RIF because Vunder was not a preference eligible Postal Service employee.
 
 
 5
 In his brief filed before the court decided Schall, and in his response to the motion for summary affirmance, Vunder presents arguments and evidence that were not presented to the Board. He argues that the Postal Service's action against him was an adverse action unrelated to the restructuring but based on the Postal Service's decided to discontinue the Olympic Sponsorship Program. Vunder also argues that certain provisions of the PCES Handbook EL-80 support his argument that the Board had jurisdiction over his appeal. The Postal Service, in its motion to strike, states that Vunder's newly submitted evidence was not before the Board and that Vunder did not make these arguments at the Board. We cannot consider the matters that were not presented to the Board. Fed.R.App.P. 16(a); Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989). Further, in his notice of appeal, Vunder stated that his reassignment was part of the postal reorganization. Based upon the record before us, Vunder has not distinguished his case from Schall. Thus, summary affirmance is appropriate.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The stay of proceedings is lifted.
 
 
 8
 (2) The Postal Service's motion for summary affirmance is granted.
 
 
 9
 (3) The Postal Service's unopposed motion to strike is granted.
 
 
 10
 (4) Each side shall bear its own costs.