**Deborah L. MATHIAS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3117.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 7, 2002.

Rehearing Denied Oct. 4, 2002.

Before RADER, BRYSON, and DYK, Circuit Judges.

RADER, Circuit Judge.

Deborah L. Mathias appeals the decision of the Merit Systems Protection Board (Board) dismissing her appeal from her separation from the United States Postal Service for lack of jurisdiction. Because substantial evidence supports the Board's decision, which is not arbitrary, capricious, or an abuse of discretion, this court *affirms*.

### I.

On February 26, 2000, Ms. Mathias received an excepted service appointment as a part-time flexible letter carrier with the United States Postal Service. Less than three months later, on May 10, 2000, the Postal Service terminated Ms. Mathias' employment for "inability to meet the standards of the position." Ms. Mathias appealed to the Board on March 13, 2001, challenging her removal and the Equal Employment Opportunity Commission's decision on her sex discrimination claim.

Ms. Mathias conceded that she was not a preference eligible and that she had been terminated during her probationary period.

In the acknowledgment order, the administrative judge noted that the Board would not have jurisdiction over the appeal unless Ms. Mathias could show that she was either a preference eligible veteran or a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and that she had completed one year of current continuous service in the same or similar position. The administrative judge advised Ms. Mathias that she had the burden of proving the Board has jurisdiction, and he ordered her to file evidence and argument to meet that burden. Ms. Mathias did not respond to the administrative judge's order. On March 22, 2001, the Postal Service filed a response to the Board's acknowledgement order asserting that Ms. Mathias did not meet the requirements for the Board to exercise jurisdiction.

On June 29, 2001, the administrative judge dismissed Ms. Mathias' appeal for lack of jurisdiction. The administrative judge determined that Ms. Mathias did not meet the statutory definition of an "employee." He also found that he could not address Ms. Mathias' allegation of discrimination absent an otherwise appealable action. The full Board denied Ms. Mathias' petition for review, and the initial decision became the final decision of the Board on September 14, 2001. Ms. Mathias timely appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

### II.

This court's review of Board decisions is limited by statute. This court must affirm

a Board decision not found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998).

### A.

"The Postal Service is 'an independent establishment of the executive branch of the Government ... 39 U.S.C. § 201, and its employees are generally not entitled to civil service protection, 5 U.S.C. § 2105(e).' " *Schall v. United States Postal Serv.*, 73 F.3d 341, 343 (Fed.Cir.1996). Nonetheless, certain preference eligible Postal Service employees are entitled to appeal to the Board pursuant to 39 U.S.C. § 1005(a)(4)(A)(i) and 5 U.S.C. § 7511(a)(1)(B)(ii). *Toomey v. United States Postal Serv.*, 71 M.S.P.R. 10, 12 (1996). To qualify as an employee eligible to appeal to the Board under these provisions, Ms. Mathias must show that she is "a preference eligible in the excepted service who has completed one year of current continuous service in the same or similar positions in the United States Postal Service." 5 U.S.C. § 7511(a)(1)(B)(ii) (1996); *Mathis v. United States Postal Serv.*, 865 F.2d 232, 232–33 (Fed.Cir.1988).

Ms. Mathias does not dispute that she was not a preference eligible. Nor does Ms. Mathias contest the fact that she completed less than three months of service in the Postal Service before her termination. Thus, the Board correctly found that Ms. Mathias could not establish jurisdiction by satisfying the definition of an employee under 5 U.S.C. § 7511(a)(1)(B)(ii).

### B.

Ms. Mathias also alleges her removal was a discriminatory action by the agency. An allegation of discrimination, standing alone, does not confer jurisdiction on the Board. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1248 (Fed.Cir.1991) (en banc) ("Congress has also determined that the Board has no jurisdiction over discrimination claims *per se*, having placed that jurisdiction in the district court."). The Board may review an allegation of discrimination only in conjunction with an otherwise appealable action. *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed.Cir. 1985). Because the Board lacked jurisdiction to hear Ms. Mathias' appeal from her termination, it also lacked jurisdiction to hear her sex discrimination claim.

### III.

In sum, Ms. Mathias was not an employee of the class to which Congress has conferred the right of Board appeal. Furthermore, Ms. Mathias' sex discrimination claim, standing alone, does not provide the Board jurisdiction to hear her appeal. Accordingly, the Board's decision to dismiss Ms. Mathias' appeal is not arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence.