Kelly FONG, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 03–3001.

United States Court of Appeals, Federal Circuit.

DECIDED: March 14, 2003.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

Petitioner Kelly Fong appeals the May 30, 2002 decision of the Merit Systems Protection Board (Board) dismissing his petition for lack of jurisdiction. The administrative judge found that Mr. Fong is not entitled to challenge his alleged demotion. Because Mr. Fong is not a preference eligible employee, this court *affirms*.

## BACKGROUND

In July 1987, petitioner assumed the position of Field Division Controller, a Postal Career Executive Service–1 position. Under the 1992–1993 national restructuring process of the United States Postal Service, petitioner was assigned to the position of Manager of Finance, an EAS–24 position, and was informed he would have saved grade and salary in this new position. Petitioner is not a preference eligible employee. At all times during this appeal, petitioner's salary has been the maximum salary in the EAS–24 position.

On February 19, 2002, petitioner refiled his appeal of his alleged reduction in grade and pay under the national restructuring.[1] The Board concluded that the national re-

structuring constituted a reduction-in-force (RIF), which only preference eligible employees may appeal. *See Marcoux v. United States Postal Service*, 63 M.S.P.R. 373, 380 (1994). Because petitioner is not a preference eligible employee, the administrative judge dismissed his appeal for lack of jurisdiction. Petitioner appealed this initial decision to the Board, which denied his petition for review because there was "no new, previously unavailable, evidence and that the administrative judge made no error in law." Thus, the decision of the administrative judge became the final decision of the Board.

## DISCUSSION

This court must affirm the final decision of the Board unless the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

■ Although petitioner originally based his appeal on the alleged reduction in grade and pay, he now alleges a breach of his settlement agreement. Petitioner cites various general letters from Postal Service officials that, in conjunction with his acceptance of his new EAS–24 position, constituted a settlement agreement. According to petitioner, this alleged settlement agreement grants jurisdiction to the Board under *Buzitsky v. United States Postal Service*, 82 M.S.P.R. 388 (1999). However, *Buzitsky* involved a written settlement agreement previously approved by the Board. No such agreement exists in this case. In fact, petitioner's attempt to create a settlement agreement out of various letters and statements by postal service officials is insufficient to establish jurisdiction even if such an agreement could be found.[2] A contractual agreement by

---

1. The first appeal was dismissed without prejudice based on the parties' joint motion for additional time to conduct discovery on jurisdictional issues.

2. The facts alleged by petitioner to constitute

itself cannot confer jurisdiction on the Board. *See Holloway v. United States Postal Service,* 993 F.2d 219, 220 (Fed.Cir. 1993). Accordingly, because petitioner is not a preference eligible employee, the Board lacks jurisdiction to hear his appeal.

█ In short, petitioner does not offer any argument, authority, or evidence that establishes jurisdiction in the Board to hear his appeal. This court has previously held that a postal service employee, who is reassigned under a national reorganization, and is not eligible for a veterans preference, cannot appeal the RIF action of the Postal Service to the Board. *Schall v. United States Postal Service,* 73 F.3d 341 (Fed.Cir.1996). Petitioner has not shown any law, rule, or regulation that gives him a right to appeal the Postal Service's action in this case. Without a statutory basis for jurisdiction, no appeal rights exist because postal service employees are generally not entitled to civil service protection. *See* 5 U.S.C. § 2105(e), § 7701(a) (2000); *Van Werry v. Merit Sys. Prot. Bd.,* 995 F.2d 1048, 1050 (Fed.Cir. 1993). Accordingly, because the decision of the Board is in accordance with the law and supported by substantial evidence, this court affirms the Board's final decision.

a settlement agreement are likely insufficient to establish the required elements of a con- tract.