NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADETAYO AGBOKE,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2024-1976

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-19-0574-I-1.

---

Decided:  July 14, 2025

---

ADETAYO AGBOKE, Long Beach, CA, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before MOORE, *Chief Judge*, LINN and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Adetayo Agboke ("Agboke") appeals the final decision of the Merit System Protection Board ("Board") upholding his removal by the Department of Justice ("agency"). *See Agboke v. Dep't of Just.*, No. SF-0752-19-0574-I-1, 2024 WL 1674285 (M.S.P.B. April 17, 2025) ("*Final Order*"). For the following reasons, we *affirm* the Board's decision of removal and *dismiss* Agboke's due process challenge to the agency's delayed response to his Freedom of Information Act ("FOIA") request.

## BACKGROUND

Agboke worked as an auditor with the agency's U.S. Trustee's Program. Effective October 5, 2018, the agency removed Agboke from his position based on charges of (1) inappropriate conduct, (2) failure to follow instructions, and (3) failure to cooperate with an investigation.

On appeal to the Board, the administrative judge sustained all the agency's charges, determined that a nexus existed between Agboke's misconduct and the efficiency of the agency, and concluded that the agency's removal action was reasonable. The full Board denied Agboke's petition for review and the administrative judge's decision became the final decision of the Board.

Agboke timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

This Court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal

determinations *de novo*. *Vassallo v. Dep't of Def.*, 797 F.3d 1327, 1330 (Fed. Cir. 2015).

## II

Agboke presents four arguments on appeal: (1) the Board erred in refusing to disqualify the administrative judge; (2) the Board's assessment of the reasonableness of the removal penalty improperly relied on a reprimand letter that was grieved and rescinded; (3) the agency violated its own regulations by failing to conduct a performance assessment review for Agboke's work in 2018; and (4) Agboke's November 21, 2019 FOIA request was improperly delayed and denied. We address each argument in turn.

## A

Agboke argues that the Board erred by refusing to disqualify the administrative judge who authored the initial decision. Agboke asserts that the administrative judge's decisions against him "reflect [that] she is a liar, a bigot and a racist." Appellant's Br. 2.[1]

The Board, however, rejected this argument, concluding that Agboke "has failed to identify any facts whatsoever that would reasonably cause an objective observer to question the administrative judge's impartiality." *Final Order*, 2024 WL 1674285, at \*4. On appeal, Agboke similarly does not identify evidence or specific conduct—apart from the fact that the administrative judge ruled against him—that he believes evinces the administrative judge's partiality or prejudice.

Adjudicators are afforded a presumption of honesty and integrity. *Ethicon Endo-Surgery, Inc. v. Covidien LP*,

---

[1]     Because Agboke did not separately paginate his brief, we refer to the automatically generated page numbers at the top of each page.

812 F.3d 1023, 1030 (Fed. Cir. 2016). Because Agboke presents no evidence showing that the administrative judge was not impartial, we hold that Agboke's bare allegation of bias is insufficient to overcome the presumption of the administrative judge's integrity and affirm the Board's rejection of this argument.

## B

Agboke next argues that the removal penalty was tainted by reliance on a reprimand letter that should not have been considered. While Agboke grieved the reprimand letter, the record in his related 2024-1975 appeal indicates that the agency did, in fact, reject Agboke's grievance. *See Agboke v. Dep't of Just.*, No. SF-1221-18-0106-W-1, 2018 WL 2463281 (M.S.P.B. June 1, 2018) (noting that Agboke's March 9, 2017 grievance of the reprimand letter was denied). Agboke has not shown that the letter was improperly considered.

## C

Agboke argues that the agency violated its own regulations by failing to conduct a performance assessment review regarding his work in 2018, the period during which he claims he performed his best work.

To the extent that Agboke argues that the agency's failure to conduct a performance assessment review is an independent basis for reversal, the Board lacked jurisdiction to consider this issue. *See Van Warry v. Merit Sys. Prot. Bd.*, 995 F.2d 1048, 1050 (Fed. Cir. 1993) ( "A performance rating, without more, is not appealable to the board, as it is not listed as an appealable action in sections 7512, 7513 or 7701(a).").

To the extent that Agboke contends that his performance in 2018 should have mitigated the agency's penalty to a measure short of removal, we hold that the agency's failure to conduct a performance review was at most harmless error. *See* 28 U.S.C. § 2111 (instructing courts to

render judgments "without regard to errors or defects which do not affect the substantial rights of the parties"). The agency did not base its removal decision on Agboke's lack of technical competence but on his inappropriate conduct, his failure to follow instructions, and his failure to cooperate with an investigation. *See* Supp. App'x 15.[2] Further, the agency separately considered Agboke's excellent work as an auditor as a mitigating factor. Supp. App'x 47. Agboke does not explain why the presence of such a performance review would have changed the personnel action here. *See Biswas v. Dep't of Veterans Affs.*, 127 F.4th 332, 343 (Fed. Cir. 2025) (noting that the party alleging error has the burden to show prejudice). Thus, Agboke has failed to meet his burden to show that the absence of a 2018 performance assessment review prejudiced him in the agency's removal action.

## D

Finally, Agboke appears to argue that his due process rights were violated because his FOIA request was not processed in time for him to receive evidence of the administrative judge's bias and was, presumably, incorrectly denied. The agency argues that neither the Board nor this Court has jurisdiction to entertain a challenge to a denied or delayed FOIA request. Appellee's Br. 15 (citing *In re Wine*, 820 F. App'x 1025, 1027 (Fed. Cir. 2020) ("This court is a court of limited jurisdiction, which does not include jurisdiction over FOIA actions.")).

We agree with the agency that this Court lacks jurisdiction to hear Agboke's challenge to the response to his FOIA request. This Court's jurisdictional statute does not cover FOIA actions. *See* 28 U.S.C. § 1295. Instead, Congress has designated the district courts as the proper

---

[2]   "Supp. App'x" refers to the appendix filed with the agency's response brief.

forums in which to address disputes under FOIA. *See* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."). Accordingly, we dismiss Agboke's appeal to the extent of his challenge to the denial or expediency of his FOIA request.

CONCLUSION

We have considered Agboke's other arguments, but find none persuasive. For the foregoing reasons, we *affirm* the Board's decision upholding Agboke's removal and *dismiss* for lack of jurisdiction Agboke's challenge to the denial of his FOIA request.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

Each party shall bear their own costs.